UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Brett Hanson, Cindy Hanson,
Albert Rosenbower, Margaret Rosenbower,
Master Electric Co., Inc., United Mortgage
Company, Minnesota Department of Revenue,
Shirley Koza, Modern Trade Communications, Inc.,
Retailers National Bank, Dacotah Companies,
Health Recovery Center, Wilson Sporting Goods, Co.,
and River City Financial, LLC,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 03-6562 ADM/JSM

---

Michael R. Pahl, Esq., United States Department of Justice, Washington, D.C., and Thomas B. Heffelfinger, Esq., United States Attorney, Minneapolis, MN, argued for and on behalf of Plaintiff.

Jeffrey A. Olson, Esq., Jeffrey A. Olson, PLLC, Edina, MN, argued for and on behalf of Defendants Brett Hanson and Cindy Hanson.

---

## I. INTRODUCTION

On August 10, 2005, oral argument before the undersigned United States District Judge was heard on Plaintiff United States of America's (the "Government") Motion for Summary Judgment [Docket No. 23]. Defendants Brett Hanson and Cindy Hanson (collectively, the "Hansons") opposed the Motion. In its First Amended Complaint ("Complaint") [Docket No. 15], the Government seeks to reduce to judgment Brett Hanson's federal tax assessments, foreclose federal tax liens on the home owned by the Hansons, and to sell the house to partially satisfy the $735,673.36 in federal tax liability owed by Brett Hanson. Ruling on the Motion was held in abeyance until November 17, 2005, when the Court was advised that settlement

negotiations between the parties were at an impasse. For the reasons set forth herein, Plaintiff's Motion for Summary Judgment is granted.

## II. BACKGROUND

In an order dated October 14, 2003, the United States Bankruptcy Court for the District of Minnesota found that Brett Hanson was liable for over $700,000 in trust-fund liabilities. <u>Hanson v. United States</u>, No. 03-6362 (D. Minn. July 1, 2004). In support of this Motion, the Government has submitted several Internal Revenue Service ("IRS") Certificates of Assessments and Payments detailing the assessments made against Brett Hanson. Pahl Decl. Exs. 6-11 [Docket Nos. 32-37]. In particular, the Government seeks to collect on a lien filed on November 17, 1995 in Hennepin County, Minnesota, in the amount of $176,137.12 against the Hansons' home.

Most of the named Defendants have either abandoned their interest in the Hanson's property, or their interests have otherwise been protected. Cindy Hanson maintains a half-interest in the property, which the Government recognizes and concedes she is entitled to. Albert and Margaret Rosenbower sold the property to the Hansons in November 1983. As contract for deed vendors, they maintain an interest in the property until the purchaser completely performs his or her obligations. Because the Hansons have fulfilled the terms of the contract for deed and have made payments on the mortgage held by Bank of America,[1] Margaret Rosenbower has no interest in the property, as long as the Bank of America mortgage is paid in

---

[1] Originally, the mortgage was held by United Mortgage Company. The mortgage has since been assumed by Bank of America.

full.[2] Bank of America has asserted a claim in its interest [Docket No. 22], claiming that $55,166.53 remained on the mortgage as of April 15, 2005. Bank of America has consented to summary judgment on the condition that it retains first priority to the proceeds of any sale to satisfy the mortgage. The Government has conceded that Bank of America retains priority ahead of the Government to satisfy the mortgage balance. The Minnesota Department of Revenue filed state tax liens against Brett Hanson on June 25, 2002 and October 29, 2003. However, because the federal tax lien was filed prior to the state tax liens, and the expected recovery on the property will not satisfy the federal tax lien, it is not expected that the Minnesota Department of Revenue will collect on its liens from the sale of the property.

A number of Defendants have failed to file answers, and any interest they may have maintained in the property has consequently defaulted. These Defendants include Master Electric Co., Inc., Shirley Koza,[3] Retailers National Bank, Wilson Sporting Goods, and River City Financial LLC. Modern Trade Communications, Inc. and Health Recovery Center both filed disclaimers, and therefore claim no interest in the property. Finally, Minnesota Secretary of State records indicate that Dacotah Companies was dissolved in September 2000, and therefore can not now claim an interest in the property.

The Government proposes that the property be sold and the proceeds distributed as follows: (1) to the Internal Revenue Service to cover costs of the sale; (2) to Bank of America to satisfy the remaining balance on the mortgage; (3) to Cindy Hanson to reflect her half-interest in

---

[2] Albert Rosenbower died on July 17, 2000 [Docket No. 18]. His interest in the property passed to Margaret Rosenbower at that time.

[3] Shirley Koza passed away in February 2002. Her interest passed to her husband, George Koza, who failed to file a timely answer to the Government's Complaint.

the property; and (4) to the Government to be applied to Brett Hanson's tax liabilities.

### III. DISCUSSION

**A.     Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.     Judgment Against Hanson Based On Federal Tax Assessments**

As a threshold matter, before a determination of whether the property at issue must be sold to satisfy Brett Hanson's federal tax liens, the tax assessments at issue must be reduced to judgment.  It is well established that IRS Certificates of Assessments and Payments are prima facie evidence of the validity of federal tax assessments.  United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993).  Here, the Government has produced several IRS Certificates of Assessments and Payments for various years.  The Hansons, however, argue that the November 17, 1995 lien, on which the Government seeks to collect because the amount of the lien is greater

than Brett Hanson's equity in the property, is invalid because it was originally filed with inaccurate assessment dates. The Hansons contend that because of this error, the Government was required to refile a corrected lien within the time period specified by 26 U.S.C. § 6323(g).

However, courts have held that where constructive notice of a federal tax lien is given, minor defects will be overlooked. Goldstein v. Bankers Commercial Corp., 152 F. Supp. 856, 861 (S.D.N.Y. 1957), aff'd, 257 F.2d 48 (2d Cir. 1958); In re Cennamo, 147 B.R. 540, 543 (Bkrtcy. C.D. Cal. 1992). Here, there is no dispute that the original tax lien was filed in the correct place with the correct amount listed. Consequently, Brett Hanson was on constructive notice of his tax liability. The Hansons cite no authority to suggest that the incorrect assessment date on the original notice invalidates the lien. As a result, the lien is found to be valid.

Finally, the Hansons argue that the Government violated the automatic stay provision of bankruptcy to which Brett Hanson was entitled when it refiled the tax lien on August 6, 2003. Courts have held, however, that the refiling of a lien is a ministerial act that does not violate the automatic stay. United States v. Sayres, 43 B.R. 437, 439 (W.D.N.Y. 1984). Thus, the refiling of the lien on August 6, 2003 did not violate the automatic stay, nor did it invalidate the lien at issue.

**C.     Sale of the Property**

Having established a valid lien against the Hanson's home, the remaining issue before the Court is whether the Government is entitled to foreclose on the lien to partially satisfy Brett Hanson's tax liability. 26 U.S.C. § 7403 authorizes the sale of property in which a delinquent tax payer has an interest, even if an innocent third party has an interest in the property. So long as the third party is properly compensated, the sale may be approved. United States v. Rodgers,

461 U.S. 677, 693-94 (1983). In United States v. Bierbrauer, the Eighth Circuit reiterated the four factors set forth in Rodgers to consider when evaluating the propriety of such a sale: (1) the extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest, as opposed to the sale of the property as a whole; (2) whether the third party had a legally recognized expectation that the third party's separate property would not be subject to a forced sale by creditors; (3) the possibility of undercompensation to the third party; and (4) a comparison of the character and value of the interests in the property. 936 F.2d 373, 376 (8th Cir. 1991).

In the instant case, the first factor, for all practical purposes, does not apply, as Brett Hanson's one-half interest in the property can not be sold separately. The second factor weighs in favor of sale, as Cindy Hanson has not demonstrated a legitimate legal expectation that the property could not be sold. Cindy Hanson has averred that the Minnesota homestead exemption of $200,000 protects her interest in the property. Minn. Stat. § 510.01. She further contends that the Minnesota Supreme Court's ruling in Kipp v. Sweno strengthens this proposition. 683 N.W.2d 259 (Minn. 2004). In Kipp, the Minnesota Supreme Court held that the Minnesota homestead exemption did not allow foreclosure on a home in which the debtor held a one-half interest. Id. at 260. However, Cindy Hanson's arguments fail to consider clear precedent from the Supreme Court holding that state law can not protect creditors from federal tax liens. "[T]he use of the power granted by § 7403 is not the act of an ordinary creditor, but the exercise of a sovereign prerogative, incident to the power to enforce the obligations of the delinquent taxpayer himself, and ultimately grounded in the constitutional mandate to 'lay and collect taxes.'" Rodgers, 461 U.S. at 697. Because the Minnesota homestead exemption can not trump the

Government's ability to collect taxes, the second Rodgers factor weighs in favor of foreclosure.[4]

The third factor asks whether the third party will be undercompensated for the sale of her interest. Here, however, Cindy Hanson will receive half of the sale proceeds less the cost of the sale and the remainder of the Bank of America mortgage. Thus, she will receive her full half-interest in the property. No evidence of particular prejudice to Cindy Hanson has been proffered, other than the typical burden associated with securing a new residence. As the Eighth Circuit noted in Bierbrauer, only when "special circumstance of prejudice to the non-liable third party" exist should foreclosure be avoided. 936 F.2d at 376. Finally, the fourth factor entails an analysis of the character and value of interests in the property. Although there is no evidence that Cindy Hanson had any part in compiling Brett Hanson's tax debt, she possesses no more of an interest in the property than Brett Hanson. Furthermore, the Government estimates that upward of 40% of the property's value can be applied to Brett Hanson's tax debt. Id. As all four factors weigh strongly in favor of foreclosure, the Government's Motion for Summary Judgment is granted.

---

[4] Cindy Hanson also alleges that the decision in O'Hagan v. United States demonstrates the Eighth Circuit's respect for the Minnesota homestead exemption. 86 F.3d 776 (8th Cir. 1996). O'Hagan did not deal with a § 7403 proceeding. In fact, the Eighth Circuit explicitly noted its holding did not apply to § 7403 proceedings, and therefore it is of no precedential value here, considering the explicit holding of Rodgers. Id. at 784 n.10.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion for Summary Judgment [Docket No. 23] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 21, 2005.